# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

ANSELMO GONZALES,

        Plaintiff,

v.                                               No. CIV 97-398 BB/LCS

BURLINGTON NORTHERN
RAILROAD COMPANY, a Delaware
Corporation d/b/a Burlington
Northern Santa Fe Railroad
Company, a Delaware Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING CASE

THIS MATTER is before the Court on Defendant's *Motion to Transfer* [#19] this case to the Northern District of Texas, and the Court being duly advised, FINDS the motion is well taken and the case will be transferred.

## Discussion

This action is brought pursuant to the Federal Employers' Liability Act ["FELA"], 45 U.S.C. § 51 *et seq.* Plaintiff, Anselmo Gonzales, was first injured on September 16, 1994, while working for Defendant, Burlington Northern Railroad,

at Dimmit, Texas. Plaintiff was seen by an emergency room physician in Dimmit and subsequently followed by his family physician in Clayton, New Mexico.

On June 13, 1995, Plaintiff's second injury occurred, also while Plaintiff was working for Defendant in Texas. Plaintiff was initially treated at the Northwest Texas Hospital in Amarillo and, again, follow-up care was provided by a Clayton physician.

"Probably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a) is the convenience of witnesses." 15 CHARLES A. WRIGHT, *et al.*, FEDERAL PRACTICE AND PROCEDURE §3851 (1986). *See also Sackett v. Denver & Rio Grande Western R. Co.*, 603 F. Supp. 260, 261 (D. Colo. 1985). In this case, virtually all of the persons who have been identified by Plaintiff and Defendant as potential witnesses are located in Texas. Of the twenty-two persons who have been identified as possible witnesses in this case, only three reside in New Mexico – Plaintiff and his two doctors, all of whom reside in Clayton. (Plaintiff, however, continues to work for Defendant in Amarillo.) Sixteen of the remaining nineteen witnesses work and reside in Texas, and twelve of these sixteen are in Amarillo, the location of the Federal Court for the Northern District of Texas. Moreover, Clayton is only 131 miles from the Amarillo Division of the United States District Court for the

Northern District of Texas. The distance from Clayton to the United States District Court in Albuquerque is 273 miles and the witnesses located in Amarillo would be required to travel 253 miles to the federal courthouse in Albuquerque.

Although "great deference" is normally given to a plaintiff's choice of forum, that deference is reduced in the absence of any significant contact by the forum state with the transaction or conduct underlying the cause of action. *See Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (even though plaintiff resided in Oklahoma, case filed in Oklahoma transferred to Idaho since Idaho had "the most significant contacts with the transactions underlying the cause of action"); *National Sur. Corp. v. Robert M. Barton Corp.*, 484 F. Supp. 222, 224 (W.D. Okla. 1979) (§ 1404(a) motion to transfer to Texas granted where the transactions underlying the action occurred in Texas). *Cf. Hall-Kimbrell Environmental Servs., Inc. v. Archdiocese of Detroit*, 878 F. Supp. 1409, 1416 (D. Kan. 1995) (circumstances generally reducing "deference" to plaintiff's choice). Clearly, the state with "the most significant contacts" with this case is Texas, not New Mexico. Other than Plaintiff's residence, this case has no significant contact with New Mexico. Given the proximities of the parties and witnesses set forth above, a transfer from the United States District Court in Albuquerque to the

3

United States District Court in Amarillo would promote convenience and efficiency to both the parties and all of the potential witnesses.

## **O R D E R**

Based on the above considerations, the Court will exercise its discretion under 28 U.S.C. § 1404(a) and transfer this case to the Northern District of Texas, Amarillo Division.

**IT IS SO ORDERED**.

DATED at Albuquerque this 7th day of November, 1997.

_____
BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff
    Mark J. Riley                      John H. Inderwish
    Padilla, Riley & Shane        Rossi, Cox, Kiker & Inderwish
    Albuquerque, NM            Aurora, CO

Counsel for Defendant
       Timothy C. Holm
       R. Alfred Walker
       Modrall Law Firm
       Albuquerque, NM